Filed 9/10/25  P. v. Karajah CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C101853 |
| Plaintiff and Respondent, | (Super. Ct. No. 23FE000167) |
| v. | |
| ISMAIL KARAJAH, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Ismail Karajah asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Having examined the entire record, we find no arguable error that would result in a disposition more favorable to defendant and therefore will affirm.

BACKGROUND

The People charged defendant with conspiracy to file false tax returns, six counts of filing false tax returns, two counts of engaging in business without a license, five counts of money laundering, and alleged that defendant's pattern of related fraudulent conduct involved the taking of more than $500,000, and that the value of his money laundering transactions exceeded $150,000.  The trial court issued a temporary

1

restraining order (TRO) prohibiting defendant from selling or encumbering two parcels of real property and issued notices of the pendency of the action for both parcels.

The parties agreed that defendant would plead guilty to two counts of filing a false tax return and admit that his pattern of related fraudulent conduct involved the taking of more than $100,000.  Defendant also agreed that he owed $7,158,838 in restitution and would pay $500,000 of that amount in the next six months.  If defendant timely paid the $500,000, the parties agreed that the trial court would sentence him to three years in prison.  However, if he failed to pay, the court would instead sentence him to three years eight months in prison.  The People agreed to dissolve the TRO and expunge the notices of pendency of action for the two parcels of property when defendant entered his pleas.

As part of the agreement, defendant stipulated to the following facts:  (1) he played an instrumental role in establishing Aztec Tobacco Distributors, Inc.; (2) he was aware that this company purchased untaxed tobacco products from out of state; (3) he was aware that the company received and stored these products in California; (4) he was aware of the company's bank account balances and coordinated the payments for untaxed tobacco products; (5) he was aware the company sold untaxed tobacco products to customers in California; (6) he told an accountant to file tobacco excise tax returns showing $0 in taxable distributions to avoid paying $7,158,838 in excise taxes; (7) he received at least $525,000 from the company, which he deposited into his bank account.  Defendant also stipulated that his offenses involved:  (1) planning, sophistication, or professionalism; (2) the attempted or actual taking or damage of great monetary value; and (3) a large quantity of contraband.

At the plea hearing, the parties initially sought to continue the hearing before agreeing to return later that afternoon.  After taking additional time, the trial court reviewed the rights defendant would be waiving by pleading guilty, and defendant confirmed he understood these rights.  The court then asked if defendant had enough time to speak to his attorney about possible defenses and the consequences of the plea, to

2

which defendant responded, "Yes." The court asked if anyone had made promises or threats other than the plea agreement to get defendant to plead, and he responded, "No." The court asked, "are you currently under the influence of any alcohol, drug, or medication that could affect your judgment?" Defendant responded, "No."

The trial court then informed defendant of the possible immigration consequences of his plea, and defendant confirmed that he understood. The court asked defendant to stop filling out paperwork, and defendant said he would pay full attention. The court informed defendant that he would be prohibited from owning or possessing firearms and ammunition, could have probation or parole revoked, and faced a maximum sentence of three years eight months in prison, and defendant confirmed that he understood. Defendant waived his right to have the same judge sentence him.

Defendant then pled no contest to two counts of filing a false tax return and admitted taking more than $100,000. The trial court found that defendant's pleas and waivers were made knowingly, intelligently, and voluntarily.

At the scheduled sentencing hearing six months later, defendant had failed to pay any restitution. Defendant requested additional time to substitute in a new attorney who would file a motion to withdraw his plea. The People objected that defendant had six months to file such a motion and was trying to improperly delay the agreed upon sentencing date. The trial court allowed defendant additional time to have his new attorney file the motion.

Three months later, the trial court heard defendant's motion to withdraw his plea. Defendant claimed that he had accidentally doubled the dose of a medication at some point before the plea hearing and felt mentally foggy while discussing the plea agreement with counsel. He failed to comprehend the terms and consequences of the agreement and could not knowingly or voluntarily make his plea. He also mistakenly believed that his guilty plea was the only way to save a parcel of real property, and his counsel failed to correct this misapprehension. Because of his diminished mental capacity and his being

3

unaware of the medication error, defendant failed to request additional time to consider the plea and failed to inform his attorney or the court about his mental state. In support, defendant submitted notes from a treating physician that listed defendant's conditions and medications but said nothing about a dosage error or its effects.

The trial court was not convinced by defendant's claims. It found that he had many opportunities to stop the proceedings or alert the court to his mental fog during the plea colloquy and had not done so. The court also found that defendant and his attorney had engaged in extensive plea bargaining, as evidenced by the modifications made to the agreement during negotiations that addressed defendant's concerns. These modifications belied defendant's claim that he had not had enough time to consider and evaluate the terms of the agreement. Accordingly, the court found defendant had failed to establish good cause to withdraw his plea by clear and convincing evidence and denied the motion. The court then sentenced defendant to the stipulated term of three years eight months in prison.

Approximately two months later, defendant had a new attorney file a second motion to withdraw his guilty plea. Defendant argued that the counsel who filed the prior motion to withdraw his plea had performed ineffectively by failing to explain that defendant's first counsel had not advised him of possible defenses to his case and had coerced him into taking the plea by telling him that the maximum sentence for the charged offenses could be " 'as high as 10 years or more.' "

After hearing argument from the parties, the trial court found that nothing in the second motion required reconsideration of its prior ruling and denied the motion. Defendant then asked to stay his sentence pending appeal, and the court denied that request as well.

Defendant filed a timely notice of appeal from the order denying his first motion to withdraw his plea. Defendant requested a certificate of probable cause on the ground

4

that his plea had not been voluntary, knowing, and intelligent, but the trial court denied the request.

DISCUSSION

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d at pp. 441-442.) Counsel advised defendant of the right to file a supplemental brief within 30 days of the date of the filing of the opening brief. More than 30 days have elapsed, and we have received no communication from defendant.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.

\s\
Krause, J.

We concur:

\s\
Renner, Acting P. J.

\s\
Wiseman, J.*

---

*       Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

5